[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this action are brother and sister who own residential property in Danbury as tenants in common. At present, there is no love lost in this sibling relationship, and both parties seek a partition CT Page 13651 and/or sale of the property. At the trial of this matter on October 18, 2000, the parties presented conflicting testimony, and the documentary evidence, while voluminous, is both incomplete and often unclear. Therefore, the court is constrained to wend its way through the somewhat murky facts to arrive at a decision.[1]
The land in question is known as 13 Valley Road. It was purchased in September, 1991 for a price of $155,000 and a deed recorded in the names of Huyhoang Nguyen (the plaintiff, hereafter referred to as "Nguyen") and Hai Van Tran, the then husband of the defendant. Hai Van Tran paid the earnest money of $1550. Nguyen testified that he paid the remainder of the 10 percent deposit, $13,950. The defendant (hereafter "Tran/Nguyen") testified that she gave her brother $10,000 to assist in this payment. Nguyen denies this. A $124,000 mortgage was obtained and Nguyen paid approximately $20,000 to the seller at the closing.
Nguyen lived in the house with Hai Tran, the defendant and the latter's children. The mother of the plaintiff and defendant joined them in 1993. In 1996 or 1997, Hai Tran moved out and in 1998 Hai Tran and the defendant were divorced with the defendant receiving Hai Tran's interest in the property as a result. Tran/Nguyen, her mother and her children moved out of the house in early 1999.
The evidence shows that Nguyen paid $500 per month toward the monthly mortgage payment of approximately $1140 (which included taxes and insurance costs) and other expenses of the property (e.g., utilies and upkeep) during the period of September, 1991 to some time in 1993, when his mother moved in. From 1993 to September, 1998, he paid one-third of the mortgage expense and between one-third and one-half of the utilities. The utilities appear to have averaged about $300 per month. Since then he has paid all the mortgage and all other expenses. There is no evidence of what the expenses of upkeep were, other than the utilities.
Recently, Nguyen has paid $8149 to replace or repair the roof on the residence.
In determining the parties' respective interests in the property, and in light of the conflicting testimony, the court credits each party with half of the $10,000 which the defendant claims she paid toward the deposit. The court has also added a small amount for other expenses paid during the 1991-1998 period. This amount, which was not the subject of any testimony, is credited to Tran/Nguyen because her brother, who appears to be a meticulous record keeper, has no record of payment, and the court believes the residence upkeep involved more than just the payment of utilities. CT Page 13652
Based on a review of the testimony and exhibits and using reasonable approximations where appropriate, the court makes the following calculations as to the respective contributions of the parties to the ownership and upkeep of the property.
Nguyen (plaintiff) Tran/Nguyen (defendant)
Earnest Money $1,500
Deposit $8,950 5,000
Payment at Closing 19,950
Mortgage (9/91-9/98) 31,920 63,840 (including taxes, interest and) insurance)
Utilities (9/91-9/98) 10,380 14,820
Other 2,500
Payments since 9/98 34,560
Roof 8,150
 ________ ________ $113,910 $87,660
The parties have stipulated, for the purposes of this action, that the present value of the 13 Valley Road property is $160,000 and the outstanding mortgage balance is $120,000. Therefore, the value of the ownership equity is found to be $40,000.
The court has determined that the plaintiff Nguyen is entitled to 56.5 percent of the ownership equity and the defendant Tran/Nguyen is entitled to the remaining 43.5 percent. Therefore, the plaintiff shall have the option to purchase the defendant's interest for $17,400, and the defendant shall have the option to purchase the plaintiffs interest for $22,600.
The court will not force the parties to deal with each other. If a sale to one party or another is not completed by February 1, 2001, and the suit withdrawn by that date, the court orders a sale of the property by a court appointed committee on April 7, 2001. Proceeds over and above the mortgage, other liens, if any, and committee and sale expenses will be divided in the following fashion: CT Page 13653
Plaintiff Nguyen to receive 56.5 percent.
Defendant Tran/Nguyen to receive 43.5 percent.
Adams, J.